UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEFFREY JOEL JUDY,  )
an individual,  )
  )  CASE NO.: 2:24-cv-571
       Plaintiff,  )
vs.  )
  )
AARAV INVESTMENT LLC,  )
a Florida Limited Liability Company,  )
  )
       Defendant.  )
_____)

**COMPLAINT**
**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff, JEFFREY JOEL JUDY, by and through his undersigned counsel, hereby files this Complaint and sues AARAV INVESTMENT LLC, a Florida Limited Liability Company, for injunctive relief, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and alleges:

**JURISDICTION AND PARTIES**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

1

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and the Local Rules of the United States District Court for the Middle District of Florida.

3. Plaintiff, JEFFREY JOEL JUDY, (hereinafter referred to as "Mr. Judy") is a resident of the State of Florida in Lee County.

4. Plaintiff was injured in a motorcycle accident and is paralyzed from the waist down. Additionally, Plaintiff is a double leg amputee. Due to his injuries, Mr. Judy is a T8-T9 paraplegic and uses a wheelchair as his primary means of mobility.

5. Due to his disability, Plaintiff is substantially impaired in several major life activities including walking, standing and bending and requires a wheelchair for mobility.

6. Defendant, AARAV INVESTMENT LLC, a Florida Limited Liability Company, (hereinafter referred to as "Defendant"), is registered to do business in the State of Florida. Upon information and belief, Defendant is the owner of the real property and improvements which are the subject of this action, to wit: Lee Boulevard Plaza, generally located at 1400-1470 Lee Blvd, Lehigh Acres, FL 33936 (the "Property"). Defendant is responsible for complying with the obligations of the ADA.

7. All events giving rise to this lawsuit occurred in the Middle District of Florida, in Lee County, Florida.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8. Plaintiff realleges and reavers the preceding paragraphs as if they were expressly restated herein.

9. The Property, a shopping plaza, is consequently a place of public accommodation subject to the ADA.

10. Plaintiff has visited the Property discussed herein several times over the last year and plans to visit again in the near future because he enjoys the stores and restaurants located there. The Property is located about sixteen (16) miles from Plaintiff's residence which takes approximately twenty-six (26) minutes to reach by car. Plaintiff most recently visited the Property in mid-June, 2024.

11. During his visits, Plaintiff encountered serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed in this Complaint.

12. The Property, under different ownership at the time, was previously the subject of a 2016 Title III ADA suit by an unrelated plaintiff. *See Kennedy v. Lomangino Enterprises, Inc.*, Case No.: 2:16-cv-00414-SPC-CM. Despite this prior suit, the Property remains inaccessible to Mr. Judy.

13. Due to the barriers, Plaintiff has been unable to, and continues to be unable to, enjoy full and equal access to goods and services offered at the Property, owned, leased, and/or operated by Defendant.

14. Plaintiff desires to visit the Property but fears that he will be subjected to the same architectural barriers which remain at the Property in violation of the ADA.

15. Defendant is in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.304 *et seq*. and is discriminating against Plaintiff due to, but not limited to, the following barriers to access which Plaintiff personally encountered and which hindered his access:

    A. Plaintiff personally encountered inaccessible parking designated for disabled use near Aaron's because the two (2) ADA spaces are not along the shortest accessible route. Instead, they are both around the corner near the loading bay at the farthest possible location from the store entrance. Additionally, the spaces and their access aisles have slopes in excess of 1:48 and pavement in disrepair. These conditions made Plaintiff's experience dangerous and inconvenient as the spaces are not level and are located too far from the store entrance for convenient use.

4

B. Plaintiff personally encountered inaccessible parking designated for disabled use near Metro by T-Mobile due to a lack of ADA signage to properly identify the spaces for disabled use and faded paint on the ground. These conditions made it more difficult for Plaintiff to locate the ADA spaces in this section of the lot and does not discourage able-bodied patrons from parking in the spaces.

C. Plaintiff personally encountered inaccessible parking designated for disabled use near China King and Botanica due to a lack of or extremely faded paint markings on the ground to delineate the spaces and their access aisles. These conditions made Plaintiff's experience dangerous and inconvenient as the space subjects Plaintiff to passing vehicular traffic when loading and unloading out of his vehicle.

D. Plaintiff personally encountered that all of the curb ramps leading from the ADA parking spaces throughout the Property to the sidewalk were inaccessible due to excessive running slopes, steep side flare slopes and disrepair. These conditions were a dangerous falling hazard for the Plaintiff as he attempted to maneuver onto the sidewalk via these ramps.

E. Plaintiff personally encountered that several tenant entrances were recessed in alcoves which lacked adequate pull side clearance for him to

easily open the doors without assistance, such as near Suite 1436, 1450, 1458, 1460 and 1462. Due to these conditions, Plaintiff had a good deal of difficulty entering these above referenced tenant stores without assistance of other customers or store employees.

16. To date, the barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

16. Independent of his intent to return as a patron because he enjoys the stores and restaurants located there, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

17. Removal of the barriers to access located on the Property is readily achievable, structurally feasible, and easily accomplishable without placing an undue burden on Defendant.

18. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

19. Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable

attorneys' fees, costs, and expenses paid by Defendant pursuant to 42 U.S.C. § 12205.

WHEREFORE, Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

    A.    That this Court declares that the Property owned, leased, and/or operated by Defendant is in violation of the ADA;

    B.    That this Court enter an Order directing Defendant to alter its Property to make it accessible to, and useable by, individuals with disabilities to the full extent required by Title III of the ADA;

    C.    That this Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

    D.    That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to Plaintiff; and

   E. That this Court awards such other and further relief as it deems necessary, just and proper.

Date: June 18, 2024

            Respectfully Submitted,

            KU & MUSSMAN, P.A.
            18501 Pines Blvd, Suite 209-A
            Pembroke Pines, Florida 33029
            Tel: (305) 891-1322
            Fax: (954) 686-3976
            Louis@kumussman.com

            By: */s/ Louis I. Mussman*
            Louis I. Mussman, Esq. (Lead Counsel)
            (FL Bar # 597155)
            Brian T. Ku, Esq.
            (FL Bar #: 610461)